UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ZACHARY TSAMBIS,<br><br>Plaintiff(s),<br><br>v.<br><br>SHAUN IRVINE, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-2482 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Carl Ulepich's motion to dismiss. (ECF No. 4). Plaintiff Zachary Tsambis filed a response (ECF No. 11), to which Ulepich replied (ECF No. 13).

Also before the court is defendant Jacob Cukjati's motion to dismiss. (ECF No. 7). Plaintiff filed a response (ECF No. 12), to which Cukjati replied (ECF No. 15).

Also before the court is Cukjati's motion for an order to show cause why plaintiff should not be required to make his pleading more definite and certain. (ECF No. 33). Plaintiff has not responded, and the deadline has since passed.

**I.  Facts**

This case arises from the alleged mismanagement of Exobox Technologies Corporation ("Exobox"), a publicly traded Nevada company, by its successive chief executive officers, Cukjati and Shaun Irvine, and previous secretary, Ulepich, between 2010 and 2014. (ECF No. 1).

In October of 2010, Cukjati was appointed Exobox's chief executive officer ("CEO"). One month later, Ulepich, who had been acting secretary, was appointed to the board of directors. *Id.* Ulepich resigned in March of 2011. *Id.* Cukjati resigned in August of 2013, at which point Irvine became CEO. *Id.*

In November of 2011, Tsambis and other Exobox shareholders filed a complaint against Exobox, Ulepich, and Cukjati (among others) in the District Court of Harris County, Texas ("the first Texas litigation"). (ECF No. 7 at 2). On January 30, 2012, the plaintiffs filed an amended complaint in the first Texas litigation. (ECF No. 13, Ex. A). The plaintiffs asserted several causes of action: (1) self-dealing, (2) breach of fiduciary duty, (3) wrongful entrenchment and dilution, (4) wrongful deprivation of legitimate shareholder interests, (5) improper dividends, (6) abuse of control, (7) gross mismanagement, (8) breach of contract, (9) fraud, (10) statutory fraud, (11) negligent misrepresentation, (12) unjust enrichment, (13) conspiracy, and (14) minority shareholder oppression. *Id.* The plaintiffs did not appear after filing the amended complaint. (ECF No. 12, Ex. A). On November 7, 2012, the Texas court entered a non-suit dismissing their claims without prejudice. *Id.*

On February 4, 2014, Exobox announced its intention to acquire a majority interest in Cherubim Builders Group, LLC ("CBG"). (ECF No. 1). On February 27, 2014, Tsambis filed a complaint against Exobox, Irvine, Jacob Cukjati, and Lori Cukjati in the United States District Court of Harris County, Texas ("the second Texas litigation). (ECF No. 13, Ex. B). Tsambis asserted the same fourteen (14) causes of action as he asserted in the first Texas litigation. *Id.*

The substantive allegations underlying the causes of action asserted in the second Texas litigation were nearly identical to the substantive allegations raised in the first Texas litigation. (*Compare* ECF No. 13, Ex. A *with* ECF No. 13, Ex. B). However, Tsambis's complaint in the second Texas litigation included details regarding "the CBG deal that [was] allegedly expected to close on February 28, 2014." (ECF No. 13, Exhibit B at 50, 55). Further, Tsambis argued that:

> [The defendants] breached their fiduciary duties to Exobox, committed gross mismanagement, abused their control of Exobox, and have been unjustly enriched, by . . . awarding to themselves and to one another excessive compensation in the form of extra- and out-of-the ordinary . . . shares[] and essentially engaging in theft of Exobox by having it fraudulently delivered into the hands of J. Cukjati and then Irvine . . . .

*Id.* at 52. Finally, Tsambis added Irvine to the list of alleged conspirators contained in his statutory fraud, negligent misrepresentation, conspiracy, and minority shareholder oppression causes of action. *Id.* at 59-61.

Both the first and second Texas litigations included a section addressing the nature of claims brought as both derivative and direct. (ECF No. 13, Exs. A & B). These sections requested that the Texas court treat the claims brought as direct, but also argued in the alternative that "by filing their direct claims herein along with the derivative claims, [p]laintiff(s) make a demand for Exobox to pursue immediately the derivative claims stated herein or effectuate the remedies sought herein." *Id.* at 13, 52.

On April 3, 2014, Exobox filed a personal injury suit against Tsambis in the United States District Court for the District of Nevada ("the first Nevada litigation"). *Exobox Techs. Corp. v. Tsambis*, No. 2:14-CV-00501-RFB-VCF, 2015 WL 82886, at *2 (D. Nev. Jan. 6, 2015). Exobox asserted two causes of action against Tsambis: intentional interference with prospective economic advantage and civil conspiracy for his role in interrupting Exobox's deal to acquire a majority equity interest in CBG by way of the second Texas litigation. *Id.* at *1.

On February 6, 2015, the Texas court dismissed the second Texas litigation without prejudice based on *forum non conveniens*. (ECF No. 12, Ex. B).

On March 19, 2015, Tsambis filed his answer in the first Nevada litigation. *Exobox*, No. 2:14-CV-00501-RFB-VCF, ECF No. 130. Although the second Texas litigation was dismissed a month prior based on *forum non conveniens*, Tsambis did not raise any counterclaims in his answer. *Id.*

On July 28, 2015, Irvine was deposed in connection to the first Nevada litigation. (ECF No. 11, Exhibit C). In his deposition, Irvine indicated that the agreement appointing him CEO of Exobox included a three-part transaction. *Id.* First, Ulepich and Cukjati assigned two allegedly non-assignable promissory notes to Radical Business Solutions. *Id.* Second, Radical Business Solutions paid Exobox $50,000. *Id.* Third, Exobox issued 5,000 shares of its Series D Convertible Preferred Stock ("the Series D shares") to Irvine. *Id*. Tsambis did not move the court for permission to amend his answer after this deposition. *Exobox*, No. 2:14-CV-00501-RFB-VCF, ECF No. 310.

On September 22, 2017, Tsambis filed a complaint against Irvine, Cukjati, and Ulepich in this court. (ECF No. 1). Tsambis asserts ten causes of action: (1) self-dealing, (2) breach of fiduciary duties, (3) wrongful entrenchment, (4) wrongful deprivation of shareholder interests, (5)

James C. Mahan
U.S. District Judge

- 3 -

abuse of control and gross mismanagement, (6) fraud, (7) unjust enrichment, (8) conspiracy, (9) collusion, and (10) malicious prosecution and abuse of process. (ECF No. 1). In addition to the facts and allegations asserted in the Texas litigations, the complaint details the first Nevada litigation and the Series D transaction. (ECF No. 1). Tsambis claims that the defendants Cukjati, Ulepich, and Irvine were conspirators in "a calculated scheme to defraud and swindle Exobox shareholders[] and enrich the [d]efendants by entrenching the power of the [d]efendants so that [they] could control the entire equity value of Exobox[] stock." *Id.* at 11-12.

In regard to the Series D transaction, Tsambis's complaint includes a February 2014 SEC filing announcing the planned issuance of these shares; a May 2014 transfer agent statement and a July 2014 Secretary of the State disclosure indicating that the Series D stock had not yet been issued; a December 2014 certificate of designation filed with the Secretary of the State to acknowledge the creation of the Series D stock; and defendant Irvine's July 2015 deposition implicating Ulepich and Cukjati as involved in the Series D transaction. *Id.* Tsambis indicates that Irvine's testimony "failed to provide any proof as to the validity of his acquisition of Exobox stock [and instead] exposed the fraud that occurred" when Irvine acquired the Series D shares. *Id.* at 11.

Unlike the complaints filed in the Texas litigations, the instant complaint does not address whether Tsambis's claims are derivative in nature or indicate that Tsambis made any demand to Exobox or its board prior to initiating the instant action. *Id.*

On November 28, 2017, Exobox's suit against Tsambis was dismissed due to Exobox's failure to comply with a court order. *Exobox Techs. Corp. v. Tsambis*, No. 2:14-CV-00501-RFB-VCF, 2017 WL 7052174 (D. Nev. Nov. 28, 2017). On February 26, 2018, Tsambis filed a motion for sanctions, wherein he requested damages resulting from Exobox's alleged failure to prosecute, abuse of process, malicious prosecution, and filing of a frivolous lawsuit. *Exobox*, No. 2:14-CV-00501-RFB-VCF, ECF No. 309. The court denied his motion and indicated that "Tsambis' request for general damages and orders regarding Exobox's shares and governing documents is essentially a counterclaim against Exobox, rather than a request for sanctions. . . . However, the time to raise counterclaims has passed." *Id.* at 2.

- 4 -

In the instant motions, defendants Cukjati and Ulepich both move for dismissal, arguing that Tsambis's claims are barred by the running of the statute of limitations. (ECF Nos. 4, 7). Ulepich also raises Tsambis's failure to serve him and failure to state a plausible claim against him as grounds for dismissal. (ECF No. 4).

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Defendants argue that several of Tsambis's causes of action are not recognized in Nevada and that the remaining causes of action are time barred. (ECF Nos. 4, 7, 13, 15). Ulepich also argues that Tsambis's complaint fails to state a claim upon which relief can be granted. (ECF No. 4).

*A. Claims not recognized in Nevada*

Defendants suggest that several of plaintiff's claims for relief are not recognized in Nevada. (ECF Nos. 7, 13). Indeed, plaintiff fails to cite and the court cannot find a legal foundation for several of them. Plaintiff's asserted claims of self-dealing, collusion, wrongful entrenchment, wrongful deprivation of shareholder interests, and abuse of control and gross mismanagement[1] as brought against defendants Ulepich, Cukjati, and Irvine[2] are therefore dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

. . .

. . .

---

[1] All of these claims appear to be duplicative of Tsambis's claim for breach of fiduciary duties. *See In re Amerco Derivative Litig.*, 127 Nev. 196, 223, 252 P.3d 681, 700 n. 11 (2011) ("Nevada does not recognize a cause of action for abuse of control, and in the cases to which appellants cite, claims for abuse of control are essentially claims for breach of the fiduciary duty of loyalty.").

[2] *See Equity Tr. Co. v. Brickhaven Condo. Ass'n*, No. EDCV-15-2367-JFW-DTBX, 2016 WL 8856651, at *5 (C.D. Cal. Apr. 25, 2016) (exercising discretion in dismissing the plaintiff's first amended complaint as to all defendants, including non-moving defendants) (citing *Bonny v. Society of Lloyd's*, 3 F.3d 156, 161 (7th Cir. 1993) ("A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related.").

James C. Mahan
U.S. District Judge

- 6 -

*B. Time-barred claims*

In the instant motions, defendants Ulepich and Cukjati argue that Tsambis's claims are time barred. (ECF Nos. 4, 7, 13, 15). Ulepich maintains that Tsambis's claims against him are untimely because "[i]t is undisputed that the actions which give rise to the alleged claims in his [c]omplaint took place prior to [Ulepich's 2011 resignation,]" approximately six and a half years prior to Tsambis's complaint being filed. Cukjati raises his resignation in March of 2014 as time-barring Tsambis's claims. (ECF No. 15).

Cukjati also maintains that Tsambis's claims are time barred because "all material facts were known to [Tsambis] years ago, as demonstrated by the pleadings in the two Texas actions." (ECF No. 7 at 6). Both Cukjati and Ulepich assert that the "gravamen of [p]laintiff's claim is that Cukjati [and Ulepich] abused [their positions] to improperly enrich [themselves] . . . by hiding corporate information . . . by issuing additional shares to [themselves], and by awarding [themselves] excessive compensation." (ECF Nos. 7 at 7, 13 at 6).

The defendants argue that Tsambis's claims are subject to either a three (3) or four (4) year statute of limitations period, which began to accrue on the date of discovery. (ECF Nos. 7, 13). The defendants claim that Tsambis discovered the conduct giving rise to his claim prior to filing his complaint in the first Texas litigation in November 2011, so his claims subject to a three-year limitations period should have been filed at the latest by November of 2014, and those subject to a four-year limitations period should have been filed by November of 2015. *Id.* Both defendants argue that "there are *no* new facts alleged in the current action that were not previously alleged in the prior Texas state actions." (ECF Nos. 7 at 8, 13 at 7) (emphasis in original). Ulepich also argues that Tsambsis's claims against him are barred by a five-year statute of repose pursuant to Nev. Rev. Stat. § 90.660.

Tsambis responds that his claims are not time barred because he did not discover the allegedly fraudulent transfer of Ulepich and Cukjati's promissory notes until after Irvine's deposition in the first Nevada litigation, which occurred in July of 2015. (ECF Nos. 11, 12). While Ulepich makes no response to this argument, Cukjati maintains that Tsambis's argument "is not based on facts alleged in the [c]omplaint[,]" which instead shows that "Irvine illicitly used the

- 7 -

Cukjait's [*sic*] (and Ulepich's) note(s) to justify his acquisition of company shares." (ECF No. 15 at 4).

A statute of limitations prohibits a suit after a period of time that follows the accrual of the cause of action. *Allstate Ins. Co. v. Furgerson,* 104 Nev. 772, 775 n. 2, 766 P.2d 904, 906 n. 2 (1988). "A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute of limitations is apparent on the face of the complaint.'" *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration omitted) (quoting *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010)); *see also In re Amerco Derivative Litig*., 252 P.3d 681, 703 (Nev. 2011) ("If the allegations contained in the amended complaint demonstrate that the statute of limitations has run, then dismissal upon the pleadings is appropriate.").

A statute of repose bars a cause of action after a specified period of time regardless of when the cause of action was discovered or a recoverable injury occurred. *Allstate Ins. Co.,* 104 Nev. at 775 n. 2, 766 P.2d at 906 n. 2. It conditions the cause of action on filing a suit within the statutory time period and "defines the right involved in terms of the time allowed to bring suit." *P. Stolz Family P'ship L.P. v. Daum,* 355 F.3d 92, 102 (2d Cir. 2004).

   *i. Statute of repose*

Defendant Ulepich improperly cites to Nev. Rev. Stat. § 90.670 when asserting that a five-year statute of repose bars Tsambis's claims. (ECF No. 4 at 8). Nev. Rev. Stat. § 90.670 applies to claims brought under Nev. Rev. Stat. § 90.660. Ulepich does not provide, and this court has not found, any statute of repose applicable to Tsambis's claims.

   *ii. Statute of limitations*

To the extent that Tsambis brings his causes of action against directors of a corporation, Nev. Rev. Stat. § 11.380 applies. Pursuant to Nev. Rev. Stat. § 11.380, "actions must be brought within 3 years after the discovery, by the aggrieved party, of the facts upon which the penalty or forfeiture attached, or the liability was created." Causes of action alleging fraud or breach of fiduciary duty are also subject to a three-year statute of limitations period. Nev. Rev. Stat. § 11.190; *In re Amerco Derivative Litig.*, 127 Nev. 196, 228, 252 P.3d 681, 703 (2011).

Civil conspiracy claims are subject to a four-year statute of limitations period. Nev. Rev. Stat. § 11.220; *Siragusa v. Brown*, 114 Nev. 1384, 1391–92, 971 P.2d 801, 806 (1998). Unjust enrichment claims are also subject to a four-year statute of limitations period. Nev. Rev. Stat. § 11.190(2)(c).

Like the statute of limitations for fraud, the statute of limitations for breach of fiduciary duty does not begin to run until the allegedly injured party discovered the facts giving rise to the breach. *In re Amerco Derivative Litig.*, 252 P.3d at 703. "Mere disclosure of a transaction by a director, without disclosure of the circumstances surrounding the transaction, is not sufficient, as a matter of law, to commence the running of the statute." *Golden Nugget, Inc. v. Ham,* 95 Nev. 45, 48-49, 589 P.2d 173, 175 (1979).

Similarly, "an action for civil conspiracy accrues when the plaintiff discovers or should have discovered all of the necessary facts constituting a conspiracy claim." *Siragusa*, 114 Nev. at 1393. The discovery rule also applies to unjust enrichment claims. *See Bemis v. Estate of Bemis*, 114 Nev. 1021, 1025, 967 P.2d 437, 440 (1998) (applying the discovery rule to claims that decedent had failed to perform a promise to establish trust for claimants' benefit).

"A determination of '[w]hen the plaintiff knew or in the exercise of proper diligence should have known of the facts constituting the elements of his cause of action is a question of fact for the trier of fact.'" *In re Amerco Derivative Litig.*, 252 P.3d at 703 (internal citations omitted). "Dismissal on statute of limitations grounds is only appropriate 'when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered' the facts giving rise to the cause of action." *Bemis*, 114 Nev. At 1025 (quoting *Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1307 (9th Cir. 1992)).

*a. Claims identical to those brought in the Texas litigations*

Eight of the ten causes of action that Tsambis brings in this case are the same as those brought in the first and second Texas litigation: (1) self-dealing, (2) breach of fiduciary duties,[3] (3) wrongful entrenchment, (4) wrongful deprivation of shareholder interests, (5) abuse of control

---

[3] Tsambis's claim for breach of fiduciary duties includes a claim for aiding and abetting the breach of a fiduciary duty. (ECF No. 1).

and gross mismanagement, (6) fraud, (7) unjust enrichment, (8) conspiracy. (ECF Nos. 1, 13). The court has already dismissed several of those causes of action for failure to state a claim: self-dealing, wrongful entrenchment, wrongful deprivation of shareholder interests, and abuse of control and gross mismanagement. The remaining identical causes of action therefore include (1) breach of fiduciary duties, (2) fraud, (3) unjust enrichment, and (4) conspiracy.[4]

The substantive allegations contained in the instant complaint are nearly identical to those raised in the first and second Texas litigation, which were also nearly identical to one another. (ECF Nos. 1, 13). The sole difference between the substantive allegations raised in the Texas litigations was the second Texas litigation's reference to the CBG deal. (ECF No. 13). The sole difference between the substantive allegations raised in the second Texas litigation and the instant action is the instant complaint's reference to the Series D transaction. (ECF Nos. 1, 13).

*b. Claims arising from the CBG deal*

As an initial matter, Tsambis cannot bring claims against Ulepich and Cukjati for breach of fiduciary duties with regard to the CBG deal because both of them resigned before 2014.[5] (ECF No. 1). However, Ulepich and Cukjati's employment status is not dispositive of Tsambis's claims for aiding and abetting breach of a fiduciary duty,[6] fraud, unjust enrichment, or conspiracy. The court will therefore evaluate the timeliness of those claims.

---

[4] Tsambis brings two new causes of action: (1) collusion and (2) malicious prosecution and abuse of process. (ECF Nos. 1, 13). The court dismisses the former for failure to state a claim herein. The latter applies to Irvine only. (ECF No. 1).

[5] In Nevada, "a breach of fiduciary duty claim seeks damages for injuries that result from the tortious conduct of one who owes a duty to another by virtue of the fiduciary relationship." *Stalk v. Mushkin*, 125 Nev. 21, 28, 199 P.3d 838, 843 (2009). Neither Ulpich nor Cukjati had a fiduciary relationship with Exobox or its shareholders when the CBG deal was announced in February of 2014 because they were not Exobox officers, and Tsambis's complaint does not include any indication that the CBG deal was negotiated prior to 2014. (ECF No. 1).

[6] Unlike a claim for breach of fiduciary duty, a claim for aiding and abetting breach of a fiduciary duty does not require that the defendant have a fiduciary relationship with another party, but rather that the defendant, as a third party, aided another in breaching his or her fiduciary duty to a corporation or its shareholders. *See Guilfoyle v. Olde Monmouth Stock Transfer Co.*, 130 Nev. Adv. Op. 78, 335 P.3d 190, 198 (2014). The complaint alleges that Irvine, as Exobox CEO, owed fiduciary duties to Exobox and its shareholders and that Ulepich and Cukjati aided and abetted him in breaching those duties. (ECF No. 1).

Since Tsambis included details about the CBG deal in the complaint he filed to initiate the second Texas litigation in February of 2014, it is clear that he had discovered the facts giving rise to his claims at that time.

As aiding and abetting breach of a fiduciary duty (as well as breach of fiduciary duties) and fraud are subject to a three-year statute of limitations period, Tsambis should have brought these claims in Nevada no later than February of 2017. *See* Nev. Rev. Stat. § 11.190; *In re Amerco Derivative Litig.*, 127 Nev. 196, 228, 252 P.3d 681, 703 (2011). However, Tsambis did not file the instant complaint until September of 2017. (ECF No. 1). The court therefore dismisses his claims for aiding and abetting breach of a fiduciary duty and fraud insofar as they arise from the CBG deal as time barred.[7]

Unlike fraud claims, unjust enrichment and conspiracy claims must be brought within four years of discovering relevant facts. Nev. Rev. Stat. § 11.220; *Siragusa v. Brown*, 114 Nev. 1384, 1391–92, 971 P.2d 801, 806 (1998); Nev. Rev. Stat. § 11.190(2)(c). Tsambis therefore had until February of 2018 to bring these claims in Nevada. *See id.* Because Tsambis filed the instant complaint prior to this date, these claims are not time barred. (ECF No. 1).

*c. Claims arising from the Series D transaction*

As an initial matter, Tsambis cannot bring a claim for breach of fiduciary duties against Ulepich because he resigned in March of 2011, years before Irvine replaced Cukjati as CEO and the Series D transaction took place.

However, as Irvine's deposition indicates that the Series D transaction was part of the agreement whereby Irvine replaced Cukjati, Cukjati's resignation is not dispositive of Tsambis's claim for breach of fiduciary duties against Cukjati, at least insofar as that claim arises from the Series D transaction. Further, Ulepich and Cukjati's resignations have no impact upon Tsambis's claims for aiding and abetting breach of a fiduciary duty, fraud, unjust enrichment, or conspiracy. The court will therefore evaluate these claims for timeliness.

---

[7] The court will also dismiss Tsambis's claims against Irvine for breach of fiduciary duties, aiding and abetting breach of a fiduciary duty, and fraud, as they too are time barred.

James C. Mahan
U.S. District Judge

- 11 -

Irvine filed an SEC 8-K form in January of 2014 and a certificate of designation in December of 2014. (ECF No.1). However, these were merely disclosures of a transaction that did not disclose the transaction's factual circumstances. *Cf. Golden Nugget, Inc. v. Ham,* 95 Nev. 45, 48-49, 589 P.2d 173, 175-76 (1979) (holding that a genuine issue of material fact existed as to when corporation had sufficient knowledge to commence running of three-year statutory period of limitations governing fraud by corporate director because the director did not disclose the full circumstances of the transaction at issue). Thus, accepting as true all well-pled factual allegations in the complaint, Tsambis did not learn about the factual circumstances of the Series D transaction until July of 2015.[8] *Id.* The statutory period of limitations therefore did not begin to run until July of 2015. *Id.*

As breach of fiduciary duties (as well as aiding and abetting breach of a fiduciary duty) and fraud are subject to a three-year statute of limitations period, Tsambis had until July of 2018 to bring these claims. *See* Nev. Rev. Stat. § 11.190; *In re Amerco Derivative Litig.*, 127 Nev. 196, 228, 252 P.3d 681, 703 (2011). Because Tsambis filed the instant complaint in September of 2017, these claims are not time barred. (ECF No. 1).

Unlike fraud claims, unjust enrichment and conspiracy claims must be brought within four years of discovering relevant facts. Nev. Rev. Stat. § 11.220; *Siragusa v. Brown*, 114 Nev. 1384, 1391–92, 971 P.2d 801, 806 (1998); Nev. Rev. Stat. § 11.190(2)(c). Tsambis therefore had until July of 2019 to bring these claims. *See id*. Because Tsambis filed the instant complaint in September of 2017, these claims are not time barred. (ECF No. 1).

### d. Remaining claims

To the extent that they arise from conduct addressed in the first Texas litigation, Tsambis's claims for breach of fiduciary duties (as well as aiding and abetting breach of a fiduciary duty),

---

[8] Cukjati maintains that the complaint does not contain sufficient facts to support Tsambis's argument that he did not discover the facts surrounding the Series D transaction until July of 2015 because it does not specifically ascribe the allegedly illegal conduct to either Cukjati or Ulepich.[8] (ECF No. 15). However, Cukjati's review of paragraphs 50 through 60 of plaintiff's complaint fails to account for the referenced exhibits, including Irvine's deposition. (ECF No. 1). In his deposition, Irvine clearly indicated that Ulepich and Cukjati assigned the notes to Radical Business Solutions as part of the agreement appointing Irvine as Exobox CEO. *Id.* Moreover, the complaint repeatedly asserts that the three defendants conspired with one another. *Id.* Thus, the complaint does implicate both Cukjati and Ulepich in Irvine's acquisition of the Series D shares.

fraud, unjust enrichment, and conspiracy are time barred because Tsambis discovered the underlying facts in 2011, some six years prior to the filing of the instant complaint. (ECF Nos. 1, 13).

*e. Summary*

Tsambis's claim against Ulepich for aiding and abetting the breach of a fiduciary duty as it relates to the Series D transaction is not time barred.

Tsambis's claims against Cukjati and Irvine for breach of fiduciary duties as well as aiding and abetting the breach of a fiduciary duty, insofar as they arise from the Series D transaction, are not time barred.

With regard to all three defendants, Tsambis's claim for fraud in connection with the Series D transaction is not time barred. Additionally, Tsambis's claims for unjust enrichment and conspiracy, insofar as they arise from the CBG deal and the Series D transaction, survive the motion to dismiss based upon the applicable statute of limitations periods.

All other claims are time barred.

*C. Failure to state a claim that is plausible on its face*

Ulepich argues that Tsambis has (1) failed to plead fraud with the requisite level of particularly and (2) failed to state a claim that is plausible on its face in regard to his other causes of action. (ECF No. 4). While Cukjati does not raise this issue and Irvine has not yet appeared in this action, the court will nonetheless evaluate the remaining claims against all three defendants—fraud, breach of fiduciary duties, aiding and abetting the breach of a fiduciary duties, unjust enrichment, civil conspiracy, malicious prosecutions and abuse of process—for failure to state a claim.

    *i.    Fraud*

A plaintiff stating a claim for fraud must comply with Federal Rule of Civil Procedure 9(b): "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The plaintiff's complaint therefore must include "the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003)) (internal

- 13 -

quotation marks omitted). In addition, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (internal quotation marks omitted).

To state a claim for fraud in Nevada, a plaintiff must allege with particularity: "(1) [a] false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation." *Childs v. Selznick*, 281 P.3d 1161 (Nev. 2009) (quoting *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 447, 956 P.2d 1382, 1386 (1998)).

Here, plaintiff has not pleaded his fraud cause of action with sufficient particularity as it pertains to the either the CBG deal or the Series D transaction, neither of which are discussed in connection with the elements required to allege fraud. (ECF No. 1). In his response to Ulepich's motion to dismiss, plaintiff indicated that "Ulepich sold and/or disposed of his Exobox Promissory Note without any required effective registration statement." (ECF No. 11 at 2). While this statement alleges that Ulepich's action did not comply with the law, it does not allege that Ulepich made a false representation, as is required to allege fraud. *Id.* Because plaintiff fails to allege that Ulepich, Cukjati, or Irvine made false representations in connection to the Series D transaction, the cause of action for fraud will be dismissed for failure to state a claim. *Id.*; *see Lungwitz*, 616 F.3d at 998.

### ii. Unjust enrichment

"Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Topaz Mut. Co., Inc. v. Marsh*, 108 Nev. 845, 839 P.2d 606, 613 (1992) (citing *Nev. Indus. Dev. v. Benedetti*, 103 Nev. 360, 741 P.2d 802, 804 n.2 (1987)). "The essential elements of an unjust enrichment claim are: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation by the defendant of such a benefit; and (3) acceptance and retention by the defendant of such a benefit." *Chemeon Surface Technology, LLC v. Metalast International, Inc.*, No. 315-

CV-00294-MMD-VPC, 2018 WL 1863064, at *7 (D. Nev. Apr. 18, 2018) (citing *Unionamerica Mortg. & Equity Tr. v. McDonald*, 97 Nev. 210, 626 P.2d 1272, 1273 (1981)).

Plaintiff's complaint alleges that "Cukjati, Ulepich, and Irvine unjustly enriched themselves by retaining improper and/or illegal benefits bestowed upon them as officers and directors of Exobox." (ECF No. 1 at 22). Plaintiff further alleges that "[d]efendants issued themselves millions of shares of Exobox stock all without paying for them, and all without shareholder approval." *Id.* None of these allegations indicate that the plaintiff directly conferred a benefit on the defendants. *See Chemeon Surface Technology*, 2018 WL 1863064, at *7. Thus, plaintiff's cause of action for unjust enrichment will be dismissed for failure to state a claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

    *iii.*   *Malicious prosecution*

In Nevada, "the elements of a malicious prosecution claim are: (1) want of probable cause to initiate the prior criminal proceeding; (2) malice; (3) termination of the prior criminal proceedings; and (4) damage." *LaMantia v. Redisi*, 118 Nev. 27, 30, 38 P.3d 877, 879 (2002) (internal quotations omitted). Thus, "[a] malicious prosecution claim requires that the defendant initiated, procured the institution of, or actively participated in the continuation of a criminal proceeding against the plaintiff." *Id.* at 879-80.

Irvine initiated a civil lawsuit against Tsambis. (ECF No. 1). Tsambis's claim against Irvine for malicious prosecution may therefore be dismissed for failure to state a claim. *See LaMantia*, 38 P.3d at 880 (affirming the district court's grant of summary judgment in favor of the defendant because the defendant did not initiate a criminal proceeding against the plaintiff).

    *iv.*   *Abuse of Process*

Under Nevada law, "the elements of an abuse of process claim are: (1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *Id.* at 879 (internal quotations omitted).

Tsambis fails to allege any ulterior purpose on Irvine's part in regard to his filing of the first Nevada litigation. (ECF No. 1). Tsambis's claim against Irvine for abuse of process may

therefore be dismissed for failure to state a claim.[9] *See LaMantia*, 38 P.3d at 880 (affirming the district court's grant of summary judgement in favor of the defendant because plaintiff failed to show that the defendant had any ulterior purpose other than resolving a legal dispute).

    *v.*    *Derivative claims*

Under Nevada law, "the board of directors has full control over the affairs of the corporation." Nev. Rev. Stat. Ann. § 78.120. As part of this responsibility, "the board of directors may generally decide whether to take legal action on the corporation's behalf." *Shoen v. SAC Holding Corp.*, 122 Nev. 621, 632, 137 P.3d 1171, 1179 (2006). If the board fails to take appropriate legal action, individual shareholders may bring a derivative suit "to compel the corporation to sue and to thereby pursue litigation on the corporation's behalf against the corporation's board of directors and officers, in addition to third parties." *Id.*

Unlike a direct claim, "[a] derivative claim is one brought by a shareholder on behalf of the corporation to recover for harm done to the corporation." *Parametric Sound Corp. v. Eighth Judicial Dist. Court in & for Cty. of Clark*, 401 P.3d 1100, 1105 (Nev. 2017) (internal citation omitted). Nevada differentiates direct and derivative claims through the application of a two part test wherein "courts should consider only (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?" *Id.* at 1108 (internal quotations omitted).

Before bringing a derivative claim, a shareholder must either make a demand on the board or other shareholders, or show that such a demand would be futile. *Id*; *Shoen*, 137 P.3d at 1179. This demand requirement results in heightened pleading requirements for derivative actions by shareholders. *See* Nev. R. Civ. P. 23.1. Under Rule 23.1, the complaint must, *inter alia*, allege with

---

[9] Because malicious prosecution and abuse of process claims are subject to a two year statute of limitations period and Irvine initiated the law suit against Tsambis in March of 2015—more than two years before Tsambis filed the instant complaint in September of 2017—the court will dismiss these claims with prejudice because they are time barred, rather than without prejudice due to Tsambis's failure to state a claim. *See Nw. Airlines, Inc. v. Camacho*, 296 F.3d 787, 791 (9th Cir. 2002) ("malicious prosecution and abuse of process claims are properly treated as claims for injuries to the person"); Nev. Rev. Stat. § 11.190(4)(e) ("an action to recover damages for injuries to a person" is subject to a two year period of limitations).

particularity "the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort." *Id.*

"A shareholder's failure to sufficiently plead compliance with the demand requirement deprives the shareholder of standing and justifies dismissal of the complaint for failure to state a claim upon which relief may be granted." *Shoen*, 137 P.3d at 1180.

### a. Fiduciary duty claims

In Nevada, "a breach of fiduciary duty claim seeks damages for injuries that result from the tortious conduct of one who owes a duty to another by virtue of the fiduciary relationship." *Stalk v. Mushkin*, 125 Nev. 21, 28, 199 P.3d 838, 843 (2009). Similarly, "[a]iding and abetting the breach of a fiduciary duty has four required elements: (1) there must be a fiduciary relationship between two parties, (2) that the fiduciary breached, (3) the defendant third party knowingly and substantially participated in or encouraged that breach, and (4) the plaintiff suffered damage as a result of the breach." *Guilfoyle v. Olde Monmouth Stock Transfer Co.*, 130 Nev. Adv. Op. 78, 335 P.3d 190, 198 (2014).

"Under Nevada law, an officer or director of a corporation stands as a fiduciary to the corporation. The United States Supreme Court has held that an officer or director's breach of his [or her] fiduciary obligations to a corporation is enforceable directly by the corporation, or through a stockholder's derivative action . . . .". *In re AgriBioTech, Inc.*, 319 B.R. 216, 223 (D. Nev. 2004) (internal quotations and citations omitted).

In support of his breach of fiduciary duty claims against Cukjati and Irvine, plaintiff alleges that (1) Cukjati and Irvine both had a fiduciary relationship with Exobox shareholders and (2) Cukjati and Irvine both breached the resulting fiduciary duties. (ECF No. 1). In support of his aiding and abetting breach of fiduciary duties claims against all defendants, plaintiff alleges that (1) Cukjati and Irvine both had a fiduciary relationship with Exobox shareholders and (2) Cukjati and Irvine both breached the resulting fiduciary duties; (3) Ulepich, Cukjati, and Irvine encouraged those breaches; and (4) Tsambis and other Exbox shareholders suffered as a result. *Id.*

James C. Mahan
U.S. District Judge

- 17 -

While plaintiff attempts to plead around the derivate nature of his fiduciary duty claims, these claims are derivative. *See In re AgriBioTech, Inc.*, 319 B.R. at 233. Plaintiff fails to allege that he made any demand upon the Exobox board or plead facts tending to show that such a demand would be futile. (ECF No. 1). Plaintiff therefore fails to state a claim upon which relief can be granted, thus warranting dismissal of his fiduciary duty claims against all defendants. *See Shoen*, 137 P.3d at 1185 (holding that the district court must address whether appellants alleged particularized facts that satisfactorily demonstrate demand futility before dismissing their complaint for failure to state a claim).

### *b. Civil conspiracy*

"Actionable civil conspiracy arises where two or more persons undertake some concerted action with the intent 'to accomplish an unlawful objective for the purpose of harming another,' and damage results." *Guilfoyle v. Olde Monmouth Stock Transfer Co.*, 130 Nev. Adv. Op. 78, 335 P.3d 190, 198 (2014) (internal citation omitted).

Here, plaintiff has alleged that Ulepich, Cukjati, and Irvine conspired to use illegal means to take control of Exobox with the intent the defraud Exobox shareholders, including Tsambis. (ECF No. 1). Because the harm alleged is harm done to Exobox and its shareholders, plaintiff's civil conspiracy claim constitutes a derivative cause of action. *See Shoen*, 137 P.3d at 1185 (treating four suits that "were essentially based on allegations of improper and unfair dealings and transactions between [the corporation] and the [other self-storage corporations or partnerships], to the detriment of [the corporation's] shareholders" as derivative suits); *see also Parametric Sound Corp.*, 401 P.3d at 1107 ("In answering the first question—who suffered the harm—the relevant inquiry is: Looking at the body of the complaint and considering the nature of the wrong alleged and the relief requested, has the plaintiff demonstrated that he or she can prevail without showing an injury to the corporation?") (intern al quotations omitted).

Once again, plaintiff's failure to allege that he made any demand upon the Exobox board or plead facts tending to show that such a demand would be futile equates to failure to state a claim upon which relief can be granted, thus warranting dismissal of his conspiracy claims against all defendants. *See Shoen*, 137 P.3d at 1185 (holding that the district court must address whether

appellants alleged particularized facts that satisfactorily demonstrate demand futility before dismissing their complaint for failure to state a claim).

### IV. Conclusion

In summary, the court will dismiss plaintiff's complaint in its entirety. The following claims are dismissed without prejudice, insofar as they arise from the Series D transaction: Tsambis's claim against Ulepich for aiding and abetting the breach of a fiduciary duty; Tsambis's claims against Cukjati and Irvine for breach of fiduciary duties as well as aiding and abetting the breach of a fiduciary duty; and Tsambis's claims against all defendants for fraud. The following claims are also dismissed without prejudice, insofar as they arise from the CBG deal or the Series D transaction: Tsambis's claims against all defendants for unjust enrichment and civil conspiracy. All other claims are dismissed with prejudice.

Because the court dismisses the plaintiff's complaint in its entirety, the court will not address defendant Ulepich's service of process arguments (ECF No. 4) or defendant Cukjati's motion for an order to show cause (ECF No. 33), which the court will dismiss as moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Ulepich's motion to dismiss plaintiff's complaint (ECF No. 4) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that Cukjati's motion to dismiss (ECF No. 7) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that Cukjati's motion for an order to show cause (ECF No. 33) be, and the same hereby is, DENIED as moot.

The clerk shall enter judgement accordingly and close the case.

DATED June 28, 2018.

_____
UNITED STATES DISTRICT JUDGE